CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
SAMUEL BLANKENSHIP (339905)
sblankenship@cgsh.com
151 University Avenue
Palo Alto, CA 94304-1632
Telephone: (650) 815-4131
Facsimile: (650) 815-4199

CLEARY GOTTLIEB STEEN & HAMILTON LLP
CHARITY E. LEE (*pro hac vice*)
charitylee@cgsh.com
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517

COOLEY LLP
BOBBY GHAJAR (198719)
bghajar@cooley.com
AASTHA R. SHARMA (366392)
asharma@cooley.com
350 South Grand Avenue, Suite 3200
Los Angeles, CA 90071
Telephone: (310) 560-2344

*Counsel for Defendant Midjourney, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EVOX PRODUCTIONS LLC,

Plaintiff,

v.

MIDJOURNEY, INC.,

Defendant.

Case No. 2:26-CV-08408-JAK-E

**DEFENDANT MIDJOURNEY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Before: Hon. John A. Kronstadt
Hearing: December 7, 2026, 8:30am
Courtroom: 10C

## I. INTRODUCTION

EVOX's Opposition to Midjourney's motion to dismiss only serves to confirm that dismissal is warranted. Rather than defend the sufficiency of its pleading under controlling precedent, EVOX misapplies or ignores the law and contradicts its own allegations. But three dispositive pleading defects remain: (1) EVOX fails to plead facts to overcome the running of the statute of limitations; (2) EVOX fails to plead a single allegedly infringing output for which Midjourney might be directly or contributorily liable, much less facts to show that it induced infringement by others; and (3) EVOX's DMCA claim for CMI removal is based on unfounded inferences inadequate to support a claim. The entire Complaint should be dismissed.

## II. ALL OF EVOX'S CLAIMS SHOULD BE DISMISSED

### A. EVOX's Claims Are Time-Barred

EVOX does not dispute that all of its claims are subject to a three-year statute of limitations that runs from the date of accrual, i.e., "when an infringing act occurs." Mot. at 9 (citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670–71 (2014)); 17 U.S.C. § 507(b). Nor does EVOX dispute that its own Complaint alleges that Midjourney copied its works, removed EVOX's CMI, and used them to train its models in 2021 and 2022, more than three years before EVOX filed suit. *See* Mot. at 9–10 (citing Compl. ¶¶ 36, 39, 52–53, 69); Opp. at 8 (challenging "conduct that occurred more than three years before" it sued). Thus, absent a pleaded basis for delayed accrual or tolling, the Complaint itself establishes that EVOX's claims are time-barred and must therefore be dismissed. *See* Mot. at 10–11 (citing cases).

Unable to distinguish Midjourney's authorities, EVOX ignores them entirely, arguing instead that it did "not need to specifically invoke a tolling doctrine" in its pleading because its Complaint "cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Opp. at 2, 8 (citing *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204 (9th Cir. 1995)). *That is not the law.* In *Bell Atlantic Corp. v. Twombly*, the Supreme Court

explicitly overruled the "no set of facts" pleading standard, holding that, to survive dismissal, a complaint must plead *facts* sufficient to state a claim that is "plausible on its face." 550 U.S. 544, 562–63, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a complaint "stops short" of plausibility and should be dismissed where it "pleads facts that are merely consistent with" liability).

After *Iqbal* and *Twombly*, when the running of the statute of limitations appears on the face of the complaint, dismissal is required unless plaintiff "*plead[s]* plausible facts explaining why" the claim is nevertheless timely. *Michael Grecco Prods., Inc. v. BDG Media Inc.*, 2019 WL 13128605, at *4 (C.D. Cal. Nov. 21, 2019) (dismissing complaint for failure to plead facts to show the discovery rule applied); *see Evans v. Cnty. of Imperial*, 2026 WL 1419054, at *7 (S.D. Cal. May 20, 2026) (dismissing absent facts to establish equitable tolling); *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254–58 (9th Cir. 2013) (affirming dismissal for failure to plead tolling). EVOX's own cited cases are in accord. In *Von Saher v. Norton Simon Museum of Art at Pasadena*, for instance, the Ninth Circuit *affirmed dismissal* where the complaint failed to adequately plead tolling, reversing only as to the denial of leave to amend. 592 F.3d 954, 969 (9th Cir. 2010). And in *BKK Working Grp v. Albertsons Cos.*, 2026 WL 1365633, at *1 (C.D. Cal. Apr. 27, 2026), the court allowed a *thirteenth* amended complaint to proceed only after dismissing the prior complaint with leave to amend "to allege facts establishing tolling."

Here, EVOX asserts that its "claims regarding *training copies* made more than three years before filing are timely because they are subject to equitable tolling under … *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553 (1974)," and that its "claims regarding any *output copies* made more than three years before filing are timely because they are subject to the discovery rule." Opp. at 8 (emphasis in original). But the Complaint does not even mention these doctrines, much less plead facts sufficient to plausibly establish their applicability as to the training or output-based infringement claims. And notably, the Opposition offers no response at all to

Midjourney's argument that EVOX's "claim for CMI removal must be dismissed as time-barred" (Mot. at 11), conceding the point. *See Kroeger v. Vertex Aerospace LLC*, 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (collecting cases, and holding that party conceded argument by failing to address it in opposition).

**No *American Pipe* tolling:** To invoke *American Pipe*, EVOX was required to plead that it was a member of a putative class on whose behalf "the same cause of action" has been asserted. 414 U.S. at 554; *see* Mot. at 11–12. But the Complaint is devoid of any such allegations, and EVOX does not argue otherwise. Instead, it impermissibly seeks to introduce new facts by way of its Opposition, asserting that EVOX is a "member of the asserted class in *Andersen et al. v. Stability AI Ltd. et al.*, 3:23-cv-00201-WHO (N.D. Cal.)." Opp. at 9. This is improper and unavailing for at least two reasons. ***First***, in ruling on a 12(b)(6) motion, a "court may not look beyond the complaint to a plaintiff's … memorandum in opposition." *Schneider v. Cal. Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). That is, EVOX cannot cure pleading defects by way of argument in its Opposition.[1] ***Second***, the Complaint does not plead, and EVOX does not even identify in its Opposition, any cause of action in *Andersen* that overlaps with any of its claims here. Indeed, as Midjourney's Motion argued (at 11) and EVOX appears to concede (Opp. at 8), *American Pipe* could not save EVOX's direct and contributory infringement claims based on outputs even if pleaded, as those claims were never asserted in *Andersen*.

**No discovery rule:** EVOX asserts that the discovery rule saves its untimely infringement claims based on outputs generated more than three years before its suit was filed (Opp. at 8, 10–12), but that argument also fails. To invoke the discovery rule, EVOX was required to plead the date it first discovered the allegedly infringing conduct and facts to show it could not, with reasonable diligence, have discovered it

[1] EVOX asserts that its Complaint "repeatedly referenced" *Andersen*, but it only cited Midjourney's Answer and a discovery letter brief to establish purported admissions about its training data. Opp. at 9 (citing Compl. ¶¶ 54–56). It does not cite the *Andersen* Complaint or assert that EVOX belongs to any putative class alleged therein.

sooner. Mot. at 10 (citing *Michael Grecco Prods.*, 2019 WL 13128605, at *4 (dismissing for failure to plead such facts); *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 893–94 (N.D. Cal. 2013) (same)). Indeed, even in *Supermail Cargo*, the case on which EVOX principally relies, the plaintiff alleged the precise dates it discovered the activity and specific reasons its delayed discovery was not due to lack of diligence. 68 F.3d at 1207–08. EVOX, in contrast, alleges no such facts or dates.

Cornered, EVOX plays coy, arguing it "does not know—and cannot possibly know—when Midjourney's AI product first output infringing images" or the "extent of such outputting," and that "*Midjourney* thus cannot show" that EVOX could have discovered the alleged infringement sooner. Opp. at 10 (emphasis added). This contradicts EVOX's own allegations that Midjourney "actively markets" its AI tools "by reproducing and displaying" on its publicly available "Explore" page images that purportedly infringe EVOX photos. Compl. ¶ 104; *see* Opp. at 18. But it also turns the pleading standard on its head. It is not Midjourney's burden to show the discovery rule does not apply; it was *EVOX's burden* to plead specific dates and facts to show it does. *See supra*, at 2, 4. EVOX made no attempt to do so, warranting dismissal.

That EVOX does not—and apparently cannot—plead when it first discovered the purported infringement betrays a far more fundamental defect. Despite claiming that Midjourney's models are "flood[ing] the market" with infringing outputs (Opp. at 1, 5, 15), EVOX has yet to identify a single one. *See* Mot. at 12–17; *infra* at 5–7. Thus, EVOX's failure to plead facts to support application of the discovery rule may have been a calculated omission, as it is unclear EVOX could identify any date within the three-year statutory period on which it first learned of the purported infringement.

**B. EVOX Fails To Adequately Plead Direct Copyright Infringement**

**<u>No volitional conduct</u>:** EVOX agrees that a claim for direct infringement requires "volitional conduct" by Midjourney (Opp. at 12–13), but the Complaint fails to plead any (Mot. at 13–14), and EVOX's Opposition fails to meaningfully address this defect. Volitional conduct cannot be shown through the six allegedly infringing

outputs EVOX created for this lawsuit because EVOX, not Midjourney, "instigated" those. Mot. at 14 (citing *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731–32 (9th Cir. 2019)); *see also Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) ("As its name suggests, *direct* liability must be premised on conduct that can reasonably be described as the *direct cause* of the infringement.").

EVOX claims this doesn't matter, because the "example outputs" show "routine output of unlawful copies" by Midjourney's models and that "many more infringing outputs are being created." Opp. at 12. But that's the problem: none of the cited outputs are infringing (*see infra*), nor do they plausibly substantiate EVOX's speculation that other, unidentified infringement not made-for-litigation is being instigated by anyone, much less Midjourney. Likewise, although EVOX asserts that Midjourney "prominently curates a subset of [] outputs for public display" on the Explore page of its website (allegedly) "as a marketing tool to draw subscribers," Opp. at 13; *see also id.* at 18, it fails to point to even one such output that purportedly infringes its photos, making this apropos of nothing. *See VHT*, 918 F.3d at 732 (affirming dismissal for lack of volitional conduct where plaintiff failed to allege defendant instigated or caused infringement "of *its* photos").[2]

**No infringing outputs:** Photos of "products" and other "recognizable subject matter," like EVOX's photos of actual cars, are "entitled to only thin protection" and cannot support a copyright infringement claim unless the accused work is "virtually identical." Mot. at 13 (quoting *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1120 (9th Cir. 2018)); *see Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 913–14 (9th Cir. 2010) (a "work must be 'virtually identical' to infringe" a "thin" copyright); *Apple Comput.*

[2] EVOX's reliance on *Take-Two Interactive Software, Inc. v. PlayerAuctions, Inc.*, 2025 WL 2459553, at *4 (C.D. Cal. Aug. 26, 2025), is perplexing. There, the plaintiff alleged that the defendant explicitly advertised tools to hack the Grand Theft Auto V video game and hosted infringing listings and images of gameplay on its platform. In contrast, EVOX cannot point to any location where Midjourney has purportedly displayed infringing outputs or even mentioned EVOX, much less that such actions were taken volitionally, as necessary to plead direct infringement.

*Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1439 (9th Cir. 1994) (same). In such cases, even "subtle differences in lighting, camera angle, and background [a]re sufficient to render the defendant's otherwise similar-looking photos … non-infringing." *Rentmeester*, 883 F.3d at 1120 (citing *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763 (9th Cir. 2003)).

Notably, EVOX does not argue or even attempt to show that any outputs are "virtually identical" to its photos, because it cannot. The outputs noticeably differ in numerous respects, including in the specific combination of elements EVOX claims its copyrights cover. *See* Mot. at 6–7, 16 (detailing the many obvious differences).

Unable to meet the applicable standard, EVOX resorts to misstating it. First, EVOX claims its photos are entitled to more than "thin" protection, such that it need only show "substantial similarity." Opp. at 13–16. That is wrong and contravenes its own cited cases. *See EVOX Prods. LLC v. Kayak Software Corp.*, 2017 WL 5634856, at *10 (C.D. Cal. Jan. 20, 2017) (holding "*Evox's thin copyright* does not allow it to prevent others from making photographs of vehicles using the same methods") (emphasis added); *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 947 (9th Cir. 2023) (for "thin" copyrights, "infringement occurs only if another work is 'virtually identical' to it"); *cf. Evox Prods. LLC v. Cal. Rent-A-Car, Inc.*, 2016 WL 11999994, at *8 (C.D. Cal. July 26, 2016) (granting summary judgment where defendants reproduced the identical "Photographs in question," not other photos of the same cars).

Next, EVOX badly misconstrues *Ets-Hokin*. It did not hold that an accused work must "differ in as many ways as possible" to avoid infringement; rather, it found that a photo of a commercial vodka bottle was "not virtually identical" to plaintiff's and "therefore not infringing." *Ets-Hokin*, 323 F.3d at 766. Indeed, the Court explicitly rejected the argument EVOX advances here, holding that substantial similarity between photographs of products or objects does *not* suffice. *Id.* ("Though the … photographs are indeed similar, their similarity is inevitable, given the shared concept, or idea, of photographing the Skyy bottle.… Ets-Hokin is left with only a 'thin' copyright, which protects against only virtually identical copying").

EVOX's last resort is to argue that the Court should ignore what is obvious from the face of the Complaint, since "discovery may reveal infringing outputs numbering in the thousands, tens of thousands, or more." Opp. at 15. This once again turns the pleading standard on its head. Until EVOX pleads a plausible claim for direct infringement, it is not entitled to any discovery, and dismissal is required. *Iqbal*, 556 U.S. at 678–79 ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Michael Grecco Prods, Inc. v. TikTok, Inc.*, 829 F. Supp. 3d 793, 799 (C.D. Cal. 2025) ("Plaintiff's belief that discovery 'very well could reveal additional facts …' is speculative and insufficient").

### C. EVOX Fails to Adequately Plead Contributory Infringement

**No third-party infringement:** EVOX also has no serious answer to its failure to plead even a single instance of direct infringement by a third party—a threshold requirement for pleading contributory infringement. *See* Mot. at 17–18 (citing *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) ("secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party"); *Tarantino v. Gawker Media, LLC*, 2014 WL 2434647, at *4 (C.D. Cal. Apr. 22, 2014) (dismissing as plaintiff failed to "allege a single act of direct infringement committed by any member of the general public")).

The Opposition argues (at 17) that EVOX does not need to point to a specific example of third-party infringement to survive dismissal, but its own cited cases belie that assertion. In *Famous Birthdays, LLC v. SocialEdge, Inc.*, the plaintiff alleged "nine examples of [its] allegedly copyrighted profiles" defendant displayed without consent, 2022 WL 1591723, at *4 (C.D. Cal. Apr. 15, 2022), while in *Advanta-STAR Automobile Research Corporation of America v. Search Optics, LLC*, the plaintiff pleaded specific "copyrighted car comparisons" that appeared on specific websites to support its belief that infringement had occurred, 672 F. Supp. 3d 1035, 1046 (S.D. Cal. 2023). EVOX, in contrast, can point to no such examples, rendering its allegation that Midjourney's tool "consistently replicates" EVOX's copyrighted

expression (Opp. at 17) conclusory and inadequate. *See MultiCraft Imps., Inc. v. Mariposa USA, Inc.*, 2017 WL 5664996, at *3 (C.D. Cal. Sep. 14, 2017) (where a complaint lacks "allegations of even representative infringements, [it] fails to provide notice as a matter of law" and dismissal is required).

**EVOX cannot plead inducement:** Under *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. 583, 588 (2026), EVOX was required to plead that Midjourney induced, or tailored its platform solely for, infringement. Mot. at 17. EVOX argues only inducement in its Opposition (at 18–19), but falls well short of actually pleading it. Even accepting as true that Midjourney encourages users to "explore endless possibilities" including through an optional tool to help users "match the look and feel of another image" (¶ 99)[3]; displays some users' outputs on its "Explore page" (¶ 104); and purportedly markets its models' ability to generate "high-quality images of cars and numerous other items" (¶ 105), none of this establishes that Midjourney "actively encourages infringement through specific acts." *Cox*, 607 U.S. at 593. Everyone is entitled to make high-quality images of cars. Just as EVOX cannot point to a single time anyone has used Midjourney's model to create a car image that infringes EVOX's copyrighted photos, it also cannot point to a single statement by Midjourney—no advertisement, marketing material, promotional email, etc.—encouraging anyone to do that. EVOX thus fails to plead inducement. *See Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1400–02 (2026) (inducement cannot rest on "ordinary acts incident to product distribution" or "vague" statements that require "speculation about how [others] may act"); *see also Cox*, 607 U.S. at 594 ("mere knowledge that a service will be used to infringe is insufficient to establish the required intent").

[3] EVOX badly misconstrues this tool. As the webpage incorporated by reference in the Complaint at ¶ 99 n. 17 plainly states, the "style reference" tool allows a user to upload their own image (painting, photo, etc.) and use it to influence the "look and feel" of resulting outputs. Midjourney urges the Court to review the page for itself.

### D. EVOX Fails to Adequately Plead a Claim for CMI Removal

EVOX's attempt to save its faulty DMCA claim does more harm than good. ***First***, EVOX tacitly admits that its claim that Midjourney removed EVOX CMI from training images during pre-processing is based on a chain of unsupported conjecture. EVOX asks this Court to conclude that, because third-party LAION applied a "pwatermark" score to images linked to in its datasets, that might have made "some watermarks [] easily removable by Midjourney," incentivizing it to "strip the watermark instead of excluding the image from training." Opp. at 20. But the Complaint does not allege *how* Midjourney supposedly did this for any image or that it would have been efficient to do so. Nor does EVOX have any answer for why, if Midjourney "filtered data" to "prepare a dataset of desirable images for use in training" as it alleges (¶ 55), Midjourney would not have simply excluded from the training data watermarked images that pose "a big problem" in training models (¶ 65). While the Court is required to "draw all *reasonable* inferences in favor of" EVOX, *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or *unreasonable* inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *see* Mot. at 20–21.

***Second***, EVOX claims it has Article III standing because its "incentive to create" is being destroyed and this bears a "close relationship to a harm traditionally recognized" as a basis for a lawsuit in U.S. courts. Opp. at 21 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021)). Even assuming this asserted harm is cognizable under Section 1201 *and* suffices under *TransUnion*, EVOX fails to plead any facts to support it. While EVOX alleges that Midjourney's "horde of subscribers would rather pay a nominal monthly fee to generate automotive images that copy EVOX's aesthetic" than license them and that this is "destroying" the market for EVOX's photos and "stifling" its "incentive to produce such images" (Compl. ¶¶ 13–15), there are no well-pleaded facts to support that conclusory allegation. Again,

EVOX fails to plausibly allege even one infringing Midjourney output, much less facts to show that it has lost any licenses or commissions or that it has changed anything about its business as a result of Midjourney's purported conduct. To the contrary, EVOX alleges that its images "are highly sought after in the marketplace." Compl. ¶ 2. EVOX cannot "manufacture standing" by inflicting, or threatening to inflict, harm on itself "based on [its] fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Intl.*, 568 U.S. 398, 416 (2013).

***Third***, EVOX confirms that it has abandoned its theory of CMI removal from outputs. Opp. at 22–23; *see* ¶ 113. That theory cannot support its DMCA claim.

***Fourth***, in attempting to distinguish *Logan v. Meta Platforms, Inc.*, 2023 WL 3668520 (N.D. Cal. May 24, 2023), EVOX misreads its own Complaint. EVOX claims that it "does not allege that its CMI was removed during a uniform process that applies to every photo," Opp. at 23, but it does exactly that. At ¶ 113, EVOX pleads that Midjourney "intentionally altered and removed that CMI as part of the forward-diffusion training process by incrementally adding 'noise' to EVOX's images"—the same process applied to *all* training images, watermarks or not. Compl. ¶¶ 47–49. That theory of CMI removal thus fails. Mot. at 23–24; *see Beaulier v. Roblox Corp.*, 2026 WL 2970550, at *7 (N.D. Cal. Oct. 2, 2026) ("As pled, CMI removal categorically besets all uses of large-scale creative datasets for GenAI training, which hardly makes removal an avoidable design choice") (cleaned up).

***Finally***, EVOX has no answer to the question of how Midjourney could have *intentionally* removed CMI *knowing* it would "conceal" or "facilitate" infringement, 17 U.S.C. § 1202(b), where it had publicly admitted to training on images without consent and EVOX cannot show a single infringement that Midjourney's alleged removal of CMI has ever induced, enabled, or facilitated. The required double scienter is not plausibly pleaded, warranting dismissal. *See* Mot. at 24–25.

## III. CONCLUSION

For the reasons discussed above, the entire Complaint should be dismissed.

Dated: November 16, 2026

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Angela L. Dunning*

Angela L. Dunning (212047)
Samuel Blankenship (339905)
151 University Avenue
Palo Alto, CA 94304-1632
Tel: (650) 815-4100
Email: adunning@cgsh.com
sblankenship@cgsh.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Charity E. Lee (*pro hac vice*)
One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2517
Email: charitylee@cgsh.com

COOLEY LLP
Bobby Ghajar (198719)
Aastha R. Sharma (366392)
350 South Grand Avenue, Suite 3200
Los Angeles, CA 90071
Tel: (310) 560-2344
Email: bghajar@cooley.com
asharma@cooley.com

*Counsel for Defendant Midjourney, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Midjourney, Inc., certifies that this brief does not exceed 10 pages, which complies with the page limit contained in Section 9(d) of this Court's Standing Order for Civil Cases.

Dated: November 16, 2026

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: *<u>/s/ Angela L. Dunning</u>*
Angela L. Dunning

*Counsel for Defendant Midjourney, Inc.*