CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
SAMUEL BLANKENSHIP (339905)
sblankenship@cgsh.com
151 University Avenue
Palo Alto, CA 94304-1632
Telephone: (650) 815-4131
Facsimile: (650) 815-4199

CLEARY GOTTLIEB STEEN & HAMILTON LLP
CHARITY E. LEE (*pro hac vice*)
charitylee@cgsh.com
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517

COOLEY LLP
BOBBY GHAJAR (198719)
bghajar@cooley.com
AASTHA R. SHARMA (366392)
asharma@cooley.com
350 South Grand Avenue, Suite 3200
Los Angeles, CA 90071
Telephone: (310) 560-2344

*Counsel for Defendant Midjourney, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVOX PRODUCTIONS LLC,<br>Plaintiff,<br>v.<br>MIDJOURNEY, INC.,<br>Defendant. | Case No. 2:26-CV-08408-JAK-E<br><br>**DEFENDANT MIDJOURNEY, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS**<br><br>Before: Hon. John A. Kronstadt<br>Hearing: December 7, 2026, 8:30a.m.<br>Courtroom: 10C, 10th Floor |

## I. INTRODUCTION[1]

EVOX's opposition to Midjourney's RJN confirms that there is little in dispute as to the Court's consideration of Dunning Exhibits A, B, and C. EVOX agrees that these Exhibits are the proper subject of judicial notice to show what Midjourney has said and what content has appeared on its public website, including that prompts and outputs are displayed on Midjourney's public "Explore" page. *See* RJN Opp. at 3–4. The only dispute is over whether Exhibits A and C are also incorporated by reference in EVOX's Complaint. *Compare* RJN at 3–4; RJN Opp. at 2–3. Those documents are plainly incorporated by reference, because they are cited in the Complaint and, by EVOX's own articulation, they form the basis for its claims. The Court should grant Midjourney's RJN in full.

## II. ARGUMENT

### A. Exhibits A and C are Incorporated by Reference in the Complaint

EVOX does not dispute that it cites to the webpages offered as Dunning Exhibits A and C in its Complaint. RJN Opp. at 3. It nevertheless argues that these documents are not incorporated by reference because they constitute merely "cumulative allegations in support of [its] legal claims," and that its claims, thus, do not "necessarily depend" on these materials. *Id.* (citing *Almaznai v. S-L Distrib. Co., LLC*, 2021 WL 4457025, at *4 (N.D. Cal. June 21, 2021)). This argument fails.

First, *Almaznai* provides no support for the proposition that documents cited and relied on in the complaint—even where part of a broader set of factual allegations—are not incorporated by reference; the at-issue documents in that case were "*not mentioned in the complaint*." 2021 WL 4457025 at *3. Here, in contrast, the webpages comprising Exhibits A and C *are* cited in EVOX's Complaint. *See* ¶¶ 50, 104. Courts treat such materials as incorporated by reference. *See* RJN at 3–4; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). EVOX's own cited cases

[1] Citations to "¶_" are to paragraphs to the Complaint (Dkt. 1), citations to "RJN" refer to Midjourney's Request for Judicial Notice (Dkt. 28), and citations to "RJN Opp." refer to EVOX's Opposition to Midjourney's RJN (Dkt. 30).

are in accord. *See Markels v. AARP*, 2023 WL 12088678, at *3 (N.D. Cal. Dec. 18, 2023) ("web pages explicitly provided in the FAC are incorporated by reference"); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (noting this circuit has "extended the doctrine of incorporation by reference to consider documents in situations where … the contents of the document are alleged in a complaint"); *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) (incorporating by reference screenshots of defendant's website cited in complaint).

Second, EVOX plainly does rely on these documents as the basis for its claims. EVOX uses the webpage comprising Dunning Exhibit A as the *sole* source of its allegations as to the volume of Midjourney's training data. *See* ¶ 50.[2] And it argues in its Opposition to Midjourney's Motion to Dismiss (Dkt. 29, "MTD Opp.") that the need for such volume, in turn, supports an inference that Midjourney must have gone to the trouble of stripping images of watermarks instead of merely excluding them from the training dataset. MTD Opp. at 20. Midjourney disputes that any such inference is plausible, but EVOX cannot genuinely claim the webpage it cites and relies on in its Complaint for that proposition is not thereby incorporated by reference.

Likewise, EVOX asserts that Midjourney used its Explore page (a screenshot of which is attached as Dunning Exhibit C) "as a marketing tool to draw subscribers" (¶ 104), and repeatedly cites to it in its MTD Opposition as a basis to find that Midjourney "induced" users to infringe and is therefore contributorily liable. MTD Opp. at 6, 11, 18. But the publicly available Explore page shows no such thing. All it shows is that outputs generated by Midjourney users are available to anyone to view there (*see* RJN Opp. at 3), calling into question why EVOX apparently could

[2] EVOX's RJN Opposition cites to ¶¶ 52–56 as other allegations "showing that Midjourney needed a massive number of images to train its AI model" (RJN Opp. at 3), but those paragraphs describe the provenance—not the size—of Midjourney's training corpus.

not find even one example of an output posted on the Explore page that purportedly infringes its car photos. *See* Mot. to Dismiss (Dkt. 27-1) at 7, 14.

The purpose of the incorporation by reference doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). As EVOX itself relies on the webpages comprising Exhibits A and C to support its allegations in the Complaint, it has no legitimate objection to the Court considering the full contents of those webpages in resolving Midjourney's 12(b)(6) Motion.

**B. The Court Should Take Judicial Notice of Exhibits A, B, and C**

EVOX characterizes judicial notice as "unnecessary," but does not contest the accuracy of Exhibits A, B, and C or dispute that they are the proper subject of judicial notice. *See* RJN Opp. at 3 (confirming "Plaintiff does not dispute that … the statements on Midjourney's website were apparently made by Midjourney"); *id.* at 4 ("If the Court simply wishes to note that these webpages exist and contain statements made by Midjourney, Plaintiff has no objection"). These concessions end the inquiry, because judicial notice is required "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *see also D.B. v. Bellesa Enters. US, Inc.*, 2026 WL 2058427, at *3 (C.D. Cal. July 14, 2026) (Kronstadt, J.) ("In general, websites and their contents may be judicially noticed") (citing *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases)); *Garcia v. Anschutz Ent. Grp., Inc.*, 832 F. Supp. 3d 993, 998 (C.D. Cal. 2026) ("Courts routinely take judicial notice of publicly accessible websites and their contents, provided a copy of the webpage is supplied"). Accordingly, in ruling on Midjourney's Motion, the Court should consider all three exhibits as evidence of what Midjourney has said or displayed on its website.

## III. CONCLUSION

In ruling on Midjourney's Motion to Dismiss, the Court should: (1) consider Exhibits A and C under the incorporation by reference doctrine, or in the alternative take judicial notice of those exhibits; and (2) take judicial notice of Exhibit B.

Dated: November 16, 2026

Respectfully submitted,

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

*/s/ Angela L. Dunning*
Angela L. Dunning (212047)
151 University Avenue
Palo Alto, CA 94304-1632
Tel: (650) 815-4100
Email: adunning@cgsh.com

*Counsel for Defendant Midjourney, Inc.*